# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 2 0 2002

Michael N. Milby, Clerk

| | | |
|---|---|---|
| PRESTON HUGHES III, <br> Petitioner | * | |
| | * | |
| v. | | |
| JANIE COCKREL, Director, <br> Texas Department of Criminal <br> Justice, Institutional Division, <br> Respondent | * | Cause # H-01-4073 <br> Capital Habeas |

## PETITIONER'S REQUEST FOR DISCOVERY UNDER RULE 6

Petitioner, having duly filed an application for writ of habeas corpus in the above styled and numbered cause pursuant to Section 2254 of 28 USCS, by and through the appointed undersigned counsel, hereby moves this Honorable Court, for an order granting leave to invoke the process of discovery available under the Federal Rules of Civil Procedure. This motion is based upon the attached affidavit of Petitioner/counsel showing good cause for the requested written interrogatories, requests for admissions, list of documents to be sought, and other discovery requests.

Discovery is available to a habeas Petitioner upon a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct 1793 (1997). See also Habeas Rule 6. . Unless "patently frivolous or false," the facts alleged in a habeas petition must be presumed true for summary dismissal purposes.




*Blackledge v. Allison*, 431 U.S. 63, 76, 78 (1977).  In *Michael Williams v. Taylor*, 529 U.S. 420 (2000) the Court reaffirmed that, where it "**may** be that petitioner could establish" the elements of his claim, **an evidentiary hearing** is required.  529 U.S. at 442 (emphasis added).  An evidentiary hearing [or discovery] in this court is therefore required where "the merits of the factual dispute were not resolved in the state court hearing" or where "the material facts were not adequately developed at the state court hearing." *Townsend v. Sain*, 372 U.S. 293, 313 (1963) [emphasis added].

The Petitioner has made claims regarding denial of his fair trial rights in the taking of statements and evidence against him at trial.  These include allegations of state misconduct, which by their very nature are not normally known until after the fact.  These allegations include an improperly taken and involuntary statement, obtained after a series of brutal assaults and a denial of counsel.  Discovery is necessary for this Honorable Court to give this claim a full and fair review.

The Petitioner has made allegations of denial of equal protection throughout this process.  These claims relate to the improper introduction of race as a factor in the seeking of the death penalty, the selection of the jury in violation of *Batson v. Kentucky*, and the imposition of the death penalty and the denial of full and fair clemency review based upon race.  The only

way to properly develop these claims is through the use of written interrogatories, requests for admission, depositions, and requests for documents to the main personnel involved in the decision making along the way in order to ensure that there were race neutral reasons for the decisions to seek the penalty, select the jury, and impose the penalty at punishment. It is also critical for the Court to review the inner workings of the Board of Pardons and Paroles, an organization which does not meet in the open, conducts its hearings beyond public review, and never explains why its rules do not facially forbid such improper considerations as race.

The Petitioner has made claims regarding new evidence of his lack of future danger to society, a challenge to the evidence presented under the first of Texas' "Special Issues". This evidence was not available prior to now, and the only way to place it before this Court is to conduct discovery under the Federal Civil Rules so that the individuals with best first hand knowledge of the Petitioner, the personnel and inmates of the Texas Department of Criminal Justice, Institutional Division, may provide the Court with the information needed to make a fair disposition of this claim.

The Petitioner has also made claims regarding the applicability of international and treaty law to the Texas death-penalty scheme, and to the

Petitioner's case specifically. The best and most economical way to review these claims is to permit deposition of experts in these rarified fields of law. This will shorten the time needed for the Court to render a decision on this issues, and assist in the administration of justice in the Petitioner's case.

FOR THESE REASONS, the Petitioner respectfully prays that this Honorable Court will grant this motion in all things and issue an order permitting discovery as outlined in the Federal Rules of Civil Procedure.

Respectfully submitted,

Patrick F. McCann
TBA 00792680
3700 N. Main
Houston, Texas 77009
713-223-3805
713-236-8801 Fax
713-444-2826 Cellular phone

Marc C. Carter
TBA 00787212
901 Franklin, Suite 300
Houston Texas 77002
713-425-4304
713-325-4301 Fax
Co-counsel for Petitioner

## Certificate of Service

I hereby affirm that a true and correct copy of the foregoing and all attachments was delivered to the Assistant Attorney General for the State in this matter in accord with the rules of procedure by delivering the times via first class mail on ___2 · /9___, 2002.

*[signature]*

Marc C. Carter


## Certificate of Conference

I certify that I conferred with the Attorney General's Office and they are opposed to this motion.

*[signature]*

Marc C. Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON HUGHES III, <br> Petitioner | * | |
| | * | |
| v. | | |
| JANIE COCKREL, Director, <br> Texas Department of Criminal <br> Justice, Institutional Division, <br> Respondent | * | Cause # H-01CV-4073 <br> Capital Habeas |

## AFFIDAVIT IN SUPPORT OF REQUEST FOR DISCOVERY

State of Texas
County of _Harris_

I, _Marc C. Carter_, being duly sworn, do hereby state the following:

1. I am Petitioner/Counsel for Petitioner in the above styled and numbered cause under Section 2254 of 28 USCS, a capital habeas writ application, and that the following facts demonstrate good cause for the requested discovery.
2. Vital facts and documents to the Petitioner's claims are all in the possession of the state and its actors. These include the departments and individuals of the following organizations: the Huston Police Department, the Harris County District Attorney's Office, the Texas Department of Criminal Justice, Institutional Division, the Harris County District Clerk's Office, and the Board of Pardons and Paroles.
3. The members of the Houston Police Department who conducted the investigation and who held and beat the Petitioner in order to obtain statements and consents for search which were used against him at trial are the only individuals who can give testimony as to the events of that night. *Petitioner filed a formal complaint against the HPD jailers who held and beat him that night which was the subject of an Internal Affairs investigation.* All the pertinent documents and

knowledge are held within the HPD and its members. Discovery is the only way to obtain such information and for this Honorable Court to provide a full and fair review of the Petitioner's claims.
4. The Petitioner has presented a claim regarding the lack of future dangerousness based upon several factors. One key item is his behavior while incarcerated since the trial and sentencing. The only organizations and individuals who can possibly provide documents and information to this Honorable Court regarding this claim are those personnel and inmates within the Texas Department of Criminal Justice, Institutional Division who have dealt with the Petitioner. Discovery is the only appropriate way to ascertain this information, and is absolutely vital to the Petitioner's application.
5. The Petitioner has made claims regarding the denial of equal protection under the Fourteenth Amendment to the United States Constitution during his selection for the death penalty, the jury selection, the imposition of the death penalty against him, and the denial of any clemency to African American applicants by a biased system. The Harris County District Attorney's office, the Harris County District Clerk's office, and the Board of Pardons and Paroles which administers the clemency applications of all condemned prisoners, are the only organizations whose members can provide the documents and testimony needed for the Court to ensure that race was not and is not a factor in this death sentence. Discovery is appropriate to obtain this information.
6. The Petitioner has made claims regarding the applicability of international law to his case. Expert opinion and deposition on treaty and international law are crucial to the Court's resolution of this thorny legal issue.

The Petitioner has attached a list of interrogatories and requests for admission to be submitted to members of the above named organizations, as well as requests for documents sought.

I swear the foregoing is true under penalty of perjury.

_____
Affiant

Subscribed and sworn to before me on 2/19/02.
Notary Public for Texas: _____

LILIANA INDALECIO
MY COMMISSION EXPIRES
July 15, 2003