IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 2 0 2002

Michael N. Milby, Clerk

PRESTON HUGHES III,   *
   Petitioner

                        *

v.

JANIE COCKREL, Director,   *    Cause # H-01CV-4073
Texas Department of Criminal         Capital Habeas
Justice, Institutional Division,
   Respondent

## MOTION FOR EXPANSION OF THE RECORD UNDER RULE 7

Petitioner, having duly filed his application for writ of habeas corpus pursuant to Section 2254 of 28 USCS, now comes, by and through his attorneys of record, and hereby moves this Honorable Court to issue an order directing expansion of the record under Habeas Rule 7. The requested order should:

1. Direct the record in this case be expanded by the inclusion of any and all materials deemed relevant by the Court to a just determination on the merits of the above styled and numbered cause; and

2. Directing the expansion of the record shall include, but not be limited to documents, answers under oath to written interrogatories attached herein, or forwarded separately, to affidavits of the individuals




involved in all aspects of the investigations of the underlying case, including arresting and interrogating officers, jailers who held the Petitioner while he was being questioned and held for questioning, attorneys for the State who decided to seek the death penalty and who conducted any aspect of this case, including investigation, case preparation, jury selection and trial on the merits, all witnesses who may have information regarding the claims on denial of equal protection, including district clerks for Harris County, members of the Board of Pardons and Paroles who have information regarding the impact of race on clemency grants, individuals and members of the Texas Department of Criminal Justice, Institutional division who have information regarding the future danger claims, the opinions in written or other form of experts on the subject of international and treaty law and its application to this case, and all other information relevant to any claims of actual innocence or constitutional violation.

3. The Petitioner further states that it would be appropriate for this matter to be referred to a magistrate for review and handling under the provisions of Rule 7, if the Court determines that it should desire to handle this matter in this manner.

This motion is brought based upon the petition for writ of habeas corpus filed with the Court, and on the papers, records, and other filings in the above cause.

Respectfully submitted,

Patrick F. McCann
TBA 00792680
3700 N. Main
Houston, Texas 77009
713-223-3805
713-236-8801 Fax
713-444-2826 Cellular phone

Marc C. Carter
TBA 00787212
901 Franklin, 300
Houston Texas 77002
713-425-4304
713-425-4301 Fax
Co-counsel for Petitioner

## Certificate of Service

I hereby affirm that a true and correct copy of the foregoing and all attachments was delivered to the Assistant Attorney General for the State in this matter in accord with the rules of procedure by delivering the times via mail and fax on ___2-19-___, 2002.

_____
Marc C. Carter

## Certificate of Conference

I certify that I conferred with the State Attorney General's Office and they are opposed to this motion.

_____
Marc C. Carter

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

PRESTON HUGHES III,   *
   Petitioner
                             *

v.

JANIE COCKREL, Director,   *   Cause # H-01CV-4073
Texas Department of Criminal         Capital Habeas
Justice, Institutional Division,
   Respondent

## AFFIDAVIT IN SUPPORT OF REQUEST FOR
## EXPANSION OF RECORD

State of Texas
County of _Harris_

I, _Marc C. Carter_, being duly sworn, do hereby state the following:

1. I am Petitioner/Counsel for Petitioner in the above styled and numbered cause under Section 2254 of 28 USCS, a capital habeas writ application, and that the following facts demonstrate good cause for the requested discovery.
2. Vital facts and documents to the Petitioner's claims are all in the possession of the state and its actors. These include the departments and individuals of the following organizations: the Houston Police Department, the Harris County District Attorney's Office, the Texas Department of Criminal Justice, Institutional Division, the Harris County District Clerk's Office, and the Board of Pardons and Paroles.
3. The members of the Houston Police Department who conducted the investigation and who held and beat the Petitioner in order to obtain statements and consents for search which were used against him at trial are the only individuals who can give testimony as to the events

of that night. *Petitioner filed a formal complaint against the HPD jailers who held and beat him that night which was the subject of an Internal Affairs investigation.* All the pertinent documents and knowledge are held within the HPD and its members. Expansion is the only way to obtain such information and for this Honorable Court to provide a full and fair review of the Petitioner's claims.

4. The Petitioner has presented a claim regarding the lack of future dangerousness based upon several factors. One key item is his behavior while incarcerated since the trial and sentencing. The only organizations and individuals who can possibly provide documents and information to this Honorable Court regarding this claim are those personnel and inmates within the Texas Department of Criminal Justice, Institutional Division who have dealt with the Petitioner. Affidavits and responses to interrogatories, as well as documents obtainable through other means, are the only appropriate way to ascertain this information, and absolutely vital to the Petitioner's application.

5. The Petitioner has made claims regarding the denial of equal protection under the Fourteenth Amendment to the United States Constitution during his selection for the death penalty. He also made these claims regarding the jury selection, the imposition of the death penalty against him, and the denial of any clemency to African American applicants by a biased system. The Harris County District Attorney's office, the Harris County District Clerk's office, and the Board of Pardons and Paroles which administers the clemency applications of all condemned prisoners, are the only organizations whose members can provide the documents and affidavits needed. In order for the Court to ensure that race was not a factor in this death sentence, expansion is appropriate to obtain this information.

6. The Petitioner has made claims regarding the applicability of international law to his case. Expert opinion on treaty and international law are crucial to the Court's resolution of this thorny legal issue.

The Petitioner has attached or will forward separately a list of interrogatories and requests for affidavits to be submitted to members of the above named organizations.

I swear the foregoing is true under penalty of perjury.

*[signature]*
Affiant

Subscribed and sworn to before me on 2/19/02
Notary Public for Texas: *[signature]*



LILIANA INDALECIO
MY COMMISSION EXPIRES
July 15, 2003