IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 2 4 2002
MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| PRESTON HUGHES III, <br> Petitioner | * | |
| | * | |
| v. | | |
| JANIE COCKREL, Director, <br> Texas Department of Criminal <br> Justice, Institutional Division, <br> Respondent | * | Cause # H-01-CV-4073 <br> Capital Habeas |

## MOTION SEEKING DISCOVERY AND EXPANSION PRIOR TO HEARING ON SUMMARY JUDGEMENT

This is a federal habeas corpus action brought by Petitioner Hughes pursuant to 28 U.S.C. Sec. 2241 and 2254. The Petitioner has previously filed motions for discovery under Rule 6 of the Habeas Rules, and for expansion of the record under Rule 7. The Petitioner had also requested an evidentiary hearing in his Petition. The Petitioner seeks favorable rulings on those motions prior to any adjudication of the State's Motion for summary Judgement. The reasons for granting discovery and expansion are outlined below.

1. This Honorable Court has the power to grant discovery and expansion



A federal district judge may grant discovery in any case where it finds good cause. *Bracy v. Gramley*, 117 S. Ct. 1793 (1997). See also Rule 6 and 7. Where specific allegations before the court show the Petitioner may, if the facts are fully developed, be able to demonstrate he is entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998).

Granting this discovery and expansion provides the simplest and most effective way for this Court to fairly rule on the claims made by the Petitioner. In fact, if discovery and expansion are granted it will likely also resolve the question of whether the request for a hearing should be granted as well. Fairly scheduled discovery, including subpoenas, deposition, interrogatories, and production, will permit the litigants to pursue the most effective and rational path to resolution while minimizing the Court's time and maximizing the amount of factual and legal material available to render an informed decision. Expansion of the record to include these matters provides the most complete and effective record from which to make irrefutable findings of fact and conclusions of law, and from which the appellate courts can make the best decision when their review is conducted. In short, habeas is one the areas in

federal procedure where discovery and expansion still serves exactly the purpose for which they were intended.

2. These fact-finding tools are vitally needed in this case.

   The Petitioner was taken without cause from his bed in the middle of the night, threatened during interrogation, beaten half-senseless by the HPD jailers, then dragged out again the next day to coerce a second statement from him by a second team of interrogators. The Petitioner filed a complaint against the jailers immediately, but they claimed, per the HPD Internal Affairs documents, to not remember Mr. Hughes ever residing in their fine facility. [See statements of HPD jailers in Original Petition.] To an untrained eye, these documents seem remarkably unlikely in that Mr. Hughes was charged with the murder of two people, and so might actually be somewhat memorable for the jailers.

   Mr. Hughes was also threatened during his interrogation, and has made specific allegations of that and that he did not consent to the searches conducted. There was no forensic evidence at all to connect him to this crime, though much was collected and is now available for testing under new technological procedures *not available at the time of trial.* Crucial items of evidence are currently in the hands of experts undergoing testing. The result of that testing will show that the

prosecutions theory of the case and arguments made during the petitioner's trial were inconsistent with physical evidence seized from the petitioner's residence.

The Petitioner has also brought forward multiple new issues under law and fact that were not available at the time of trial. These include new data indicating a complete lack of future dangerousness that must be somehow brought before *some* fact-finding body and new legal issues that have arisen since his trial due to new decisions and developments in the law. They included extensive evidence of discrimination and denial of equal protection in the application of the death-penalty and its implementation against the Petitioner, and violations of international law and treaty. These issues were all placed directly in front of the Texas Court of Criminal Appeals, which, despite opportunity, made no real ruling on any of the factual or legal claims raised. The flaws in their failure to review this matter will be addressed more thoroughly in the next section, but the State simply failed to provide any meaningful review or forum for the factual and legal basis of those claims to be reviewed. As such he should be entitled to fact-finding or a hearing in the federal system. See *Moawad v. Johnson*, 143 F.3d 942 (5th Cir 1998).

3. Since the fault in the failure to develop was the State's and since they did not make any actual ruling on the merits, the Petitioner cannot be held to have failed to pursue his available remedies.

An instructive guide to reviewing the criteria for granting fact-finding and or a hearing may be found in the case of *Townsend v. Sain*, 372 U.S. 293 (1963).

*Townsend* was a capital case in which the Petitioner was given a "truth serum" in order to obtain a statement. The Supreme Court overturned the lower court's denial of a hearing in the case and ordered the district court to conduct an evidentiary inquiry. Under *Townsend*, a federal court may, and should, receive evidence and try the facts anew if for any reason, the trier of fact did not afford the applicant a full and fair hearing, the merits of the actual dispute were not resolved by the state, the state factual determination is not supported by the record as a whole, there is a substantial allegation of newly discovered evidence, the fact finding procedure was not adequate to afford a full and fair hearing, or the material facts were not adequately developed at the state hearing. *Townsend*, 372 U.S. 293, 294.

A quick review shows us why the Petitioner is entitled to discovery, expansion, and, if needed, a hearing. The State never conducted a

hearing on this case, at any time. On the subsequent state habeas application, *it never made any findings of facts or conclusions of law* at all, so even if one might have concluded the procedures were adequate there was nothing provided for the federal court to review. Also, in regards to the subsequent application, the State high court's order dismissing it does not reach any of the merits of any of the points raised. One could search in vain for any indication that the Court of Criminal Appeals even had the application in front of it when they wrote the order. None of the subsequent points regarding newly discovered factual evidence and new legal theories, particularly under equal protection analysis, were even addressed.

There was no review, fair, or otherwise, granted here. The State offered a sham instead, and hopes to pass this off to this honorable Court under the principle of comity so important to federal review. Yet comity does not equal blind subservience to a state's political desire to expedite injustice. This Court is not obligated to endorse a state's denial of constitutional rights under the guise of federalism.

## Conclusion and Prayer

The Petitioner is entitled to fact-finding, including discovery, expansion, and if necessary, a full evidentiary hearing. Granting discovery

and expansion is the most efficient way to serve justice, since it will likely resolve the issues before the Court in regards to the Petition and the Motion for Summary Judgement. It will also aid the appellate courts in their inevitable review. It is within this Court's power to grant this, and it is the just thing to do in this case where the State seeks the death penalty.

FOR THESE REASONS, the Petitioner respectfully prays that this Honorable Court will grant this motion, rule favorably on the prior motions for discovery and expansion under Rule 6 and 7 of the Habeas Rules, and postpone hearings and rulings on the Petition and the State's Motion for Summary Judgement until such discovery and expansion has been completed and there has been adequate time for review.

Respectfully submitted,

*[signature]*

for

Patrick F. McCann
TBA 00792680
3700 N. Main
Houston, Texas 77009
713-223-3805
713-236-8801 Fax
713-444-2826 Cellular phone

Marc C. Carter
SBN 00787212
901 Franklin, Suite 300
Houston, Texas 77002
713-425-4304
713-425-4301
Co-counsel for Petitioner

## Certificate of Service

I hereby affirm that a true and correct copy of the foregoing and all attachments was delivered to the Assistant Attorney General for the State in this matter in accord with the rules of procedure by delivering the times via first class mail on  5·24 - , 2002.

Marc C. Carter